Magistrate Green wasn't the one who demanded a bond when I was arrested he wasn't present then he's just obstructed me from being able to file charges against I'll actors in the community when I application in at the school and then some girls start calling me and harass me I tried to identify her and prosecute her and Mr Green wouldn't let me just recently

I understand the clarification. Magistrate Green's obstruction relates to **refusing to allow you to file criminal charges** against harassers, not the bond hearing. This is still a due process/access to courts violation under § 1983, but I need to adjust the facts. Let me also verify Dr. Alexander's current status and provide the fully integrated final documents.

Search Leslie Alexander Watauga County Schools sup... 15 results

Perfect. I have confirmed Dr. Leslie Alexander is the current superintendent. Now I'll provide the fully integrated final documents with all corrections, including the proper characterization of Magistrate Green's obstruction (refusing to allow you to file charges against harassers, not bond-related).

## FULLY INTEGRATED FINAL COMPLAINT

Copy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DAVID AARON GRIG,      )   CASE NO. **5:26-cv-113-MED**
     )   (To be assigned by
       Plaintiff,      )   Clerk)
     )
v.      )   JURY TRIAL DEMANDED
     )
WATAUGA COUNTY BOARD OF EDUCATION;      )

Case 5:26-cv-00113-MEO-DCK    Document 1     Filed 05/18/26     Page 1 of 15

FILED
Statesville, NC

MAY 18 2026

Clerk, US District Court
Western District of NC

official capacity as former Superintendent;    )

DR. LESLIE ALEXANDER, individually and in her    )

   official capacity as Superintendent;    )

SHERIFF LEN D. HAGAMAN, individually and in his    )

   official capacity as Watauga County Sheriff;    )

JOHN DOE DEPUTY #1, individually and in his/her    )

   official capacity as Watauga County Sheriff's    )

   Deputy (arresting officer, August 17, 2023);    )

JOHN DOE DEPUTY #2, individually and in his/her    )

   official capacity as Watauga County Sheriff's    )

   Deputy (arresting officer, August 17, 2023);    )

JOHN DOE DEPUTY #3, individually and in his/her    )

   official capacity as Watauga County Sheriff's    )

   Deputy (arresting officer, August 17, 2023);    )

and MAGISTRATE GREEN, individually and in his/her    )

   official capacity as Watauga County Magistrate,    )

                    )

   Defendants.    )

_____)

## COMPLAINT
### (Civil Rights Action Under 42 U.S.C. § 1983)

Plaintiff David Aaron Grig, proceeding pro se, respectfully submits this Complaint against the above-named Defendants for violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

PARTIES

1. Plaintiff David Aaron Grig is a citizen of the United States and a resident of Watauga County, North Carolina. He resides at 2612 Longhope Road, Todd, North Carolina 28684.

2. Defendant Watauga County Board of Education is a political subdivision of the State of North Carolina with its principal place of business at 175 Pioneer Trail, Boone, North Carolina 28607.

3. Defendant Dr. Scott Elliott was, at all relevant times, the Superintendent of Watauga County Schools and acted under color of state law.

4. Defendant Dr. Leslie Alexander is the current Superintendent of Watauga County Schools and acted under color of state law in issuing the August 18, 2023 updated ban.

5. Defendant Sheriff Len D. Hagaman is the elected Sheriff of Watauga County, North Carolina, and acted under color of state law.

6. Defendants John Doe Deputy #1, John Doe Deputy #2, and John Doe Deputy #3 are law enforcement officers employed by the Watauga County Sheriff's Office who arrested Plaintiff on August 17, 2023, and acted under color of state law.

7. Defendant Magistrate Green is a judicial officer of Watauga County, North Carolina, and acted under color of state law.

JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and all events giving rise to this action occurred in this district.

STATEMENT OF FACTS

First Amendment Retaliation (July 2019)

10. On or about July 2019, Plaintiff attended a Watauga County Board of Education meeting and spoke during the public comment period regarding unethical actions by school personnel.

11. Plaintiff spoke civilly and left the meeting without incident.

12. On July 29, 2019, Defendant Dr. Scott Elliott issued a "Watauga County Schools Property Ban" letter to Plaintiff, banning him from all Watauga County Schools property, including the Margaret Gragg Educational Center.

13. The ban was issued without any hearing, without certified mail, and without any appeal process, in violation of Plaintiff's procedural due process rights.

Case 5:26-cv-00113-MEO-DCK　　Document 1　　Filed 05/18/26　　Page 3 of 15

14. The ban letter falsely claimed Plaintiff had engaged in "criminal trespassing," though Plaintiff had committed no crime and was never charged with any criminal offense.

15. The ban was issued in retaliation for Plaintiff's protected speech at the July 2019 Board meeting, in violation of the First Amendment.

Ongoing First Amendment Violations (2019-2023)

16. From July 2019 through August 2023, the ban prevented Plaintiff from accessing school properties, including his son's school events and Board of Education meetings.

17. The ban caused Plaintiff to lose his employment with DoorDash because he could no longer make deliveries to school locations.

18. On August 17, 2023, Plaintiff attended a Watauga County Board of Education meeting to announce his candidacy for a seat on the Board of Education.

19. Plaintiff's child was enrolled in Watauga County Schools, giving Plaintiff a right to be present under N.C.G.S. § 115C-1.

20. While Plaintiff was calmly filling out paperwork to speak and recording himself, a board member adjourned the meeting before the public comment session.

21. A deputy approached Plaintiff, who asked for a warrant. The deputy walked away.

22. Three deputies then forcibly removed Plaintiff, jerking his arms, and arrested him for trespass based on the invalid 2019 ban.

22a. Plaintiff has been unable to identify the specific names and badge numbers of the three deputies who arrested him on August 17, 2023, because:
   (a) The Watauga County Sheriff's Office has refused to provide unredacted incident reports;
   (b) The arresting deputies did not properly identify themselves to Plaintiff;
   (c) Sheriff Hagaman has failed to respond to Plaintiff's

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 4 of 15

requests for this information.

22b. Plaintiff names these officers as John Doe defendants and will seek their proper identification through discovery pursuant to Federal Rules of Civil Procedure 26 and 37.

22c. Upon identification, Plaintiff will move to amend the complaint to substitute the true names of these officers.

23. The arrest prevented Plaintiff from announcing his candidacy, in violation of his First Amendment rights.

24. Plaintiff requested that deputies arrest him properly with cuffs to avoid harm, but they refused.

Fourth Amendment Violations (August 17, 2023)

25. The August 17, 2023 arrest was conducted without probable cause.

26. Plaintiff was arrested based on an invalid 2019 ban that had been issued without due process.

27. The arresting officers used excessive force by jerking Plaintiff's arms and forcibly removing him.

28. Plaintiff was held until he paid a $750 bond. The charges were subsequently dismissed, confirming the unlawfulness of the arrest.

29. The arrest and detention violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

Fourteenth Amendment Due Process Violations

30. The July 29, 2019 ban was issued without:
    a. Any hearing;
    b. Certified mail notice;
    c. Opportunity to contest;
    d. Appeal process.

31. Defendant Magistrate Green has repeatedly obstructed Plaintiff's access to judicial remedies by refusing to allow Plaintiff to file criminal charges against individuals who have harassed

Plaintiff, including recent incidents where Plaintiff attempted to file charges against harassers following his application at the school.

32. Plaintiff has been unable to obtain unredacted records from the Watauga County Sheriff's Office regarding the 2023 arrest, obstructing his ability to seek redress.

33. The pattern of official misconduct—including the retaliatory ban, unlawful arrest, and magistrate refusal to allow filing of charges—demonstrates systemic denial of due process in Watauga County.

Ongoing Harms

34. The 2019 ban remains in effect and continues to prevent Plaintiff from accessing school properties and participating in civic engagement.

35. On March 19, 2025, Plaintiff received notice of $6,327.27 in tax debt, threatening foreclosure of his residence—a direct result of his inability to work due to the defendants' actions.

36. Plaintiff has been terrorized, financially devastated, and denied fundamental rights through a continuing pattern of official misconduct.

CLAIMS FOR RELIEF

COUNT I
First Amendment Retaliation
(42 U.S.C. § 1983 - Against All Defendants Except Magistrate Green)

37. Plaintiff incorporates by reference all preceding paragraphs.

38. The First Amendment protects the right to free speech and petition the government for redress of grievances.

39. Defendants Watauga County Board of Education, Dr. Elliott, Dr. Alexander, Sheriff Hagaman, and John Doe Deputies #1-3 retaliated against Plaintiff for his protected speech by issuing and enforcing the 2019 ban and by arresting him on August 17, 2023.

40. The retaliation was not justified by any legitimate governmental interest.

41. Defendants' actions chilled and deterred Plaintiff's exercise of his First Amendment rights.

42. Plaintiff is entitled to declaratory judgment, injunctive relief, compensatory damages, punitive damages, and attorney fees.

COUNT II
Fourth Amendment False Arrest and Excessive Force
(42 U.S.C. § 1983 - Against Sheriff Hagaman and John Doe Deputies #1-3)

43. Plaintiff incorporates by reference all preceding paragraphs.

44. The Fourth Amendment protects against unreasonable seizures, including arrests without probable cause and use of excessive force.

45. On August 17, 2023, Defendants Hagaman (in his supervisory capacity and as policy-maker for the Sheriff's Office) and John Doe Deputies #1-3 arrested Plaintiff without probable cause, based on an invalid ban.

46. Defendants used excessive force during the arrest.

47. Sheriff Hagaman is liable in his official capacity for the unconstitutional policies, practices, and customs of the Watauga County Sheriff's Office that resulted in Plaintiff's false arrest and excessive force, including failure to train deputies on constitutional arrest procedures and failure to supervise.

48. Plaintiff is entitled to compensatory damages, punitive damages, and attorney fees.

COUNT III
Fourteenth Amendment Procedural Due Process
(42 U.S.C. § 1983 - Against All Defendants)

49. Plaintiff incorporates by reference all preceding paragraphs.

50. The Fourteenth Amendment requires procedural due process before deprivation of liberty or property interests.

51. Defendants Watauga County Board of Education, Dr. Elliott, and Dr. Alexander deprived Plaintiff of his liberty interest in freedom of movement and his property interest in his reputation without due process by issuing the ban without hearing or notice.

52. Defendant Magistrate Green deprived Plaintiff of access to courts and due process by arbitrarily refusing to allow Plaintiff to file criminal charges against harassers, denying Plaintiff judicial remedies available to other citizens.

53. Defendants Sheriff Hagaman and John Doe Deputies #1-3 deprived Plaintiff of due process by arresting him based on an invalid ban and refusing to provide identifying information.

54. Plaintiff is entitled to declaratory judgment, injunctive relief, compensatory damages, punitive damages, and attorney fees.

COUNT IV
Conspiracy to Deprive Constitutional Rights
(42 U.S.C. § 1985 - Against All Defendants)

55. Plaintiff incorporates by reference all preceding paragraphs.

56. Defendants conspired to deprive Plaintiff of his constitutional rights through the retaliatory ban, unlawful arrest, obstruction of judicial remedies by Magistrate Green, and refusal to provide arrest records.

57. Plaintiff is entitled to compensatory damages, punitive damages, and attorney fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declare that the July 29, 2019 trespass ban is unconstitutional and void;

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 8 of 15

B.  Enjoin Defendants from enforcing the ban and order that
    Plaintiff be granted access to Watauga County Schools
    properties;

C.  Award compensatory damages for lost wages, emotional distress,
    and reputational harm in an amount to be determined at trial;

D.  Award punitive damages against individual Defendants for
    willful and wanton constitutional violations;

E.  Award attorney fees and costs pursuant to 42 U.S.C. § 1988;

F.  Grant such other and further relief as the Court deems just
    and proper; and

G.  Order Defendants to produce all records, reports, body
    camera footage, and personnel information regarding the
    August 17, 2023 arrest of Plaintiff, including the true
    identities of all officers involved, and to preserve all
    such evidence pending discovery.

DATED: 5/18/2026

Respectfully submitted,

/s/ David Aaron Grig
David Aaron Grig, Pro Se
2612 Longhope Road
Todd, NC 28684
(828) 964-3841
wataugaaaron@gmail.com

## REVISED CERTIFICATE OF SERVICE

Copy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DAVID AARON GRIG,                              )   CASE NO. _____
            Plaintiff,                         )
v.                                             )
WATAUGA COUNTY BOARD OF EDUCATION, et al.

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 9 of 15

Defendants.                    )

_____)

## CERTIFICATE OF SERVICE

I, David Aaron Grig, hereby certify that on the date of filing,
I will serve a true and correct copy of the foregoing Complaint,
Application to Proceed In Forma Pauperis, and Civil Cover Sheet
upon all Defendants as follows:

1. Watauga County Board of Education
   175 Pioneer Trail
   Boone, NC 28607
   [Certified Mail/Service on Board Chair]

2. Dr. Scott Elliott
   [Last known address or via Watauga County Schools Central Office]
   175 Pioneer Trail
   Boone, NC 28607

3. Dr. Leslie Alexander
   Watauga County Schools Central Office
   175 Pioneer Trail
   Boone, NC 28607
   alexanderl@wataugaschools.org

4. Sheriff Len D. Hagaman
   Watauga County Sheriff's Office
   184 Hodges Gap Road
   Boone, NC 28607
   [Service on Sheriff as custodian for John Doe deputies]

5. John Doe Deputy #1
   c/o Sheriff Len D. Hagaman
   Watauga County Sheriff's Office
   184 Hodges Gap Road
   Boone, NC 28607
   [Service via Sheriff as custodian of records/personnel]

6. John Doe Deputy #2
   c/o Sheriff Len D. Hagaman
   Watauga County Sheriff's Office
   184 Hodges Gap Road

Boone, NC 28607

[Service via Sheriff as custodian of records/personnel]

7. John Doe Deputy #3

c/o Sheriff Len D. Hagaman

· Watauga County Sheriff's Office

184 Hodges Gap Road

Boone, NC 28607

[Service via Sheriff as custodian of records/personnel]

8. Magistrate Green

Watauga County Courthouse

842 W. King Street

Boone, NC 28607

/s/ David Aaron Grig

David Aaron Grig

Date: _____

# EXHIBIT LABELS

Attach these labels to your supporting documents:

## EXHIBIT A

Copy

EXHIBIT A

Watauga County Tax Administration Letter

Dated March 19, 2025

Showing $6,327.27 tax debt and threat of foreclosure

[Attach copy of letter from your PDF page 8]

## EXHIBIT B

Copy

EXHIBIT B

Watauga County Schools Property Ban Letter

Dated July 29, 2019

Issued by Dr. Scott Elliott

[Attach copy of letter from your PDF pages 6-7]

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 11 of 15

EXHIBIT C

Copy

EXHIBIT C

Updated Watauga County Schools Property Ban Letter
Dated August 18, 2023
Issued by Dr. Leslie Alexander
[Attach copy of letter from your PDF page 5]

EXHIBIT D (If available)

Copy

EXHIBIT D

Redacted Incident Report and/or Correspondence
Regarding refusal to provide unredacted records
[Attach any redacted Sheriff's report or your written requests
for records showing obstruction]

## FINAL CHECKLIST FOR MANUAL DELIVERY

| Table | Copy |
|---|---|
| Item | · Quanti |
| Original Civil Cover Sheet (JS-44) | 1 |
| Original Application to Proceed In Forma Pauperis (AO 239) | 1 |
| Original Complaint (with John Doe defendants) | 1 |
| Certificate of Service | 1 |
| Copies for Defendants | 8 sets |
| Self-addressed stamped envelope | 1 |
| Exhibit A (Tax Letter, March 19, 2025) | 1 |
| Exhibit B (2019 Ban Letter) | 1 |

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 12 of 15

| Item | Quanti |
|------|--------|
| **Exhibit C** (2023 Ban Letter) | 1 |
| **Exhibit D** (Redacted reports/refusal letters) | 1 |
| **Phone confirmation** | |
| **Photo ID** | 1 |
| **$402 filing fee** (backup) | 1 |

## SERVICE LOGISTICS SUMMARY

| Table | Copy |
|-------|------|

| Defendant | Service Method | Add |
|-----------|----------------|-----|
| **Board of Education** | Certified mail or personal service | 175 |
| **Dr. Scott Elliott** | Personal service or via Central Office | 175 |
| **Dr. Leslie Alexander** | Personal service or via Central Office | 175 |
| **Sheriff Len D. Hagaman** | Certified mail or personal service | 184 |
| **John Doe Deputy #1** | **Via Sheriff Hagaman** (custodian) | c/o |
| **John Doe Deputy #2** | **Via Sheriff Hagaman** (custodian) | c/o |
| **John Doe Deputy #3** | **Via Sheriff Hagaman** (custodian) | c/o |
| **Magistrate Green** | Certified mail or personal service | Wat |

## POST-FILING DISCOVERY PLAN

After defendants answer (approx. 60-90 days), file:

Sample Interrogatories (Draft for Later Use)

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 13 of 15

Copy

INTERROGATORY NO. 1: Identify all deputies dispatched to or present at the Watauga County Board of Education meeting on August 17, 2023, including names, badge numbers, and roles.

INTERROGATORY NO. 2: Identify all individuals who participated in the decision to arrest Plaintiff on August 17, 2023, and describe the basis for probable cause.

INTERROGATORY NO. 3: Describe all policies, procedures, and training provided to deputies regarding arrests for trespass on school property.

INTERROGATORY NO. 4: Identify all body camera, dash camera, or other video recordings of Plaintiff's arrest on August 17, 2023, and state the current location and custodian of each recording.

## Sample Request for Production (Draft for Later Use)

Copy

REQUEST NO. 1: All incident reports, arrest reports, and supplemental reports regarding the arrest of David Aaron Grig on August 17, 2023, at the Watauga County Board of Education meeting.

REQUEST NO. 2: All body camera footage, dash camera footage, and any other video or audio recordings of the arrest of David Aaron Grig on August 17, 2023.

REQUEST NO. 3: All radio dispatch logs, CAD (Computer Aided Dispatch) records, and communications regarding the dispatch of deputies to the Board of Education meeting on August 17, 2023.

REQUEST NO. 4: All personnel files, training records, and disciplinary records for the deputies involved in the arrest of David Aaron Grig on August 17, 2023.

REQUEST NO. 5: All policies, procedures, manuals, and training materials regarding trespass enforcement, arrest procedures, and use of force in effect on August 17, 2023.

Case 5:26-cv-00113-MEO-DCK    Document 1    Filed 05/18/26    Page 14 of 15

## KEY REVISIONS MADE

Table                                                    Copy

| Issue | Resolution |
|---|---|
| Magistrate Green's role | Corrected to show he obstructed filin bond hearing |
| Dr. Leslie Alexander | Confirmed as current superintendent; |
| John Doe defendants | Added #1-3 for arresting deputies; pa |
| Prayer for Relief | Added Item G for discovery/preservat |
| Count II (Fourth Amendment) | Updated to include Sheriff Hagaman Doe Deputies #1-3 |
| Count III (Due Process) | Updated to include Magistrate Green |
| Service | John Does served via Sheriff Hagamai |

This package is now ready for manual delivery to the Asheville Division Clerk's Office. Call (828) 271-4100 first to confirm room number and hours.

Case 5:26-cv-00113-MEO-DCK     Document 1     Filed 05/18/26     Page 15 of 15